R. C. MILLIGAN, Appellant, v. GEORGE B. OWEN

**Agency:** REVOCATION OF AUTHORITY. Where the authority of an
1   agent to sell land has been revoked, the fact that he afterwards
found a purchaser ready, able and willing to buy, is immaterial
in an action for damage for the revocation, unless as bearing
on the question of damage.

**Damages:** REVOCATION OF AGENT'S AUTHORITY. In a suit for damage
2   for the revocation of authority to sell land, nothing more than
nominal damages can be recovered where the  agent  fails to
show that he could have made a sale on the terms given him,
and a refusal to enter judgment for merely nominal damages
will not constitute reversible error.

**Agency:** REVOCATION. A principal may revoke an agency coupled
3   with an interest at any time, subject, however, to the resulting
liability of paying the agent any damage he may sustain on ac-
count of such revocation; but where the owner simply states
to the agent that if he or anyone could find a purchaser on the
terms stated by a certain time he would sell, no such agency
is created, and  there is no liab lity for commissions on account
of a revocation prior to the time specified.

*Appeal from Polk District Court.*—HON. W. H. McHENRY,
Judge.

THURSDAY, MARCH 10, 1904.

ACTION to recover damages for breach of an alleged con-
tract of agency for the sale of real estate.   Trial by the court
without a jury.   Judgment for defendant, from which plain-
tiff appeals.—*Affirmed.*

*S. G. Van Auken* and *Brown & Corbet* for appellant.

*Connor & Weaver* for appellee.

McCLAIN, J.—The contract of agency, if any existed,
was made by correspondence set out in the record, the mater-
ial portions of which may be stated as follows:   On the 9th

of December, 1901, plaintiff wrote to defendant requesting an agency for the sale of certain described land of defendant "till March 1st next," and suggesting terms on which plain· tiff thought he might be able to effect a sale. To this letter defendant replied on the next day, stating the terms on which he would sell, and saying, "If you or any one finds a buyer on these terms before March 1, 1902, it can go; but, in view of present and prospective increase in value in farm lands I am in no haste to sell." On January 8th following plaintiff wrote to defendant that he had a prospective buyer to whom he was endeavoring to sell the land and suggesting changes in terms. On the 10th of the same month defendant wrote plaintiff, rejecting the proposition to change the terms of sale, and indicating his intention to advance the price in the near future. On the 29th of the same month defendant advised plaintiff in a letter relating to another transaction that the land involved in the present controversy had been "withdrawn from the market for the present." The next day plaintiff protested by letter against the revocation of his agency contending that he had been endeavoring to sell, and had good reason to believe that he would perfect a sale on the terms made, by the 1st of March. Later he advised defendant that he had secured a purchaser on those terms.

As to whether or not plaintiff actually secured a purchaser ready and able to buy the land on defendant's terms, the evidence may be said to be in conflict, but we regard that

1. A~~~ ~~~ revo-question as immaterial, for the authority of
cation of
au~~~~~~y.          plaintiff was revoked by defendant's letter of January 29th, and his subsequent ability to find a purchaser would have no bearing on his right to recover, unless as tending to show the damage suffered by the revocation of authority. The trial court found as a fact that plaintiff did not secure a purchaser for the land on defendant's terms prior to March 1st, and this finding, having support in the evidence, is conclusive. If the action is to be considered as brought to recover a commission under the authority to sell· contained in defendant's letter of December 10th then plaintiff has no

case. Counsel for appellant refers to the case of *Lewis v. Simpson,* 122 Iowa, 663, but in their facts the cases are clearly distinguishable. In the *Lewis Case* the agent had found a purchaser willing and able to buy on the very terms prescribed by the owner.

Counsel for appellant contend that the cause of action set up in his petition and supported by the evidence is not for a commission earned before revocation of authority to sell, but for damages on account of the wrongful revocation by defendant of the authority to make such sale, resulting in damage to plaintiff, the measure of which would be the commission which plaintiff might have earned under the contract of agency had it not been revoked, and that by the evidence plaintiff has shown that he would have sold the land on the terms of defendant's original offer; and it is urged that the trial court erroneously proceeded on the theory that the action was for commission earned, and denied plaintiff any relief on that theory. We do not, however, so construe the finding of the trial court. The finding is that plaintiff did not secure a purchaser on the terms prescribed by defendant's offer of December 10th prior to the 1st of March following, and the trial court evidently reached the conclusion that no showing was made of damages suffered by the plaintiff in consequence of the revocation of his authority. Clearly, if plaintiff has not shown that he could have made a sale on the terms prescribed by defendant then he is entitled to nothing more than nominal damages for defendant's alleged unlawful revocation of his authority. If plaintiff was entitled only to nominal damages, then, even though the trial court erroneously refused to enter judgment in plaintiff's behalf for such damages, we would not reverse the case on that ground.

But we are satisfied that the plaintiff failed to establish any right of action, for the reason that he did not prove such a contract of agency as that a revocation of his authority by defendant would entitle him to any damage. It is, of course, true, as a rule of the law of

*2. DAMAGES: revocation of authority.*

*3. AGENCY: revocation.*

agency, that where an agency coupled with an interest, is created, while the principal may revoke the agency at any time, he can do so subject only to the resulting liability of paying to the agent any damages suffered by reason of the termination of the agency contrary to the terms of the contract creating it. The cases cited by counsel for appellant illustrate this rule. Thus in *Mc-Lane v. Maurer,* 28 Tex. Civ. App. 75 (66 S. W. Rep. 693) it is held that a contract of agency for the sale of real estate, by which the agent was authorized to subdivide and sell in parcels within a time limited, and agreed to devote his energies, time, and attention to the hunting up of purchasers, etc., for a specified commission, created an agency, coupled with an interest for the revocation of which the principal was liable in damages to the extent that it could be shown with reasonable certainty that the agent would have earned commissions by the sale of the land had the authority not been revoked. In *Stringfellow v. Powers.* 4 Tex. Civ. App. 199 (23 S. W. Rep. 313) the principal was held liable in damages for revocation of the contract of agency for the sale of real estate by which the principal placed his land in the hands of the agent for sale for a speci- fied time, agreeing to send to the agent any purchaser who might apply to him within that time, thus vesting in the agent the exclusive authority to make the sale. In *Green v. Cole,* (Mo.) 24 S. W. Rep. 1058 it was held that a contract of agency for the sale of real estate amounted to an obligation mutually entered into for the performance of labor in furtherance of the agreement on the part of the agent which furnished the consideration for the agreement of the principal that the agent should have a specified time in which to effect the sale and earn his commission, and that a revocation by the principal of the agent's authority within the time specified entitled the agent to damages. In *Blumen- thal v. Goodall,* 89 Cal., 251 (26 Pac. Rep. 906) it was held the principal was liable in damages for depriving the agent of the commission which he would have earned by negotia-

tions pending at the time of the revocation had he been allow-

ed to carry them to a conclusion and effect a sale, but in that case the contract expressly specified that it should be in force for a certain time, and the revocation was before the expiration of that time. It is to be noticed in the last case that four judges concur in the conclusion reached and three judges dissent, so that, if the case could be construed as analogous to the one before us as to the terms of the contract involved, it would not be entitled to persuasive weight as authority.

But in this case there was no contract or agreement mutually entered into by the parties. The terms on which plaintiff proposed to find a purchaser for defendant's land were not the terms on which defendant offered to sell his land if a purchaser could be found before the 1st day of March. Plaintiff did not, under the contract, on his part, have any duty or obligation with reference to procuring a purchaser. Defendant did not offer to plaintiff an exclusive agency, but simply said to him that, if he or any one else could secure a purchaser by March 1st, on the terms specified, the land might go. This gave nothing more than an ordinary revoc able authority, binding the defendant to pay a commission only if a purchaser should be found before the authority was revoked, either by the expiration of the time specified or the prior termination of the agency by act of defendant. The defendant did not agree that the agency should continue until March 1st. That date was fixed, not as the time when the contract of agency should terminate, but as to the time when the authority of the agent to find a purchaser on the terms specified should cease. Had there been no revocation of the authority, defendant would not have earned his commission by securing a purchaser on the terms specified after March 1st, and his right to a commission, in any event, was conditioned on his finding a purchaser while his authority as agent still continued. A date was fixed by defendant, not in connection with the agreement that the agent should have the right to sell until that time, but as part of the specifications with reference to the terms of sale, for the defendant

explained that at that date the price would probably be rais-
ed.   It is to be noticed that this is not a case where the prin-
cipal has availed himself of the agent's efforts by making a
sale to a prospective purchaser secured by the agent, having
revoked the agent's authority merely for the purpose of de-
priving him of a commission for making such sale.

' We are satisfied that the conclusion of the trial court
was correct, and the judgment is AFFIRMED.