A. H. ANDERSON AND O. B. JORGENSON, CO-PARTNERS AS ANDER-
SON & JORGENSON, v. H. C. JOHNSON.

Opinion filed May 4, 1907.   Rehearing denied June 6, 1907.

**Brokers — Commission — Ability to Convey Title.**

1.   Under a contract whereby defendant agreed to pay plaintiffs a
commission of $100 for obtaining the sale to him of certain real
property at a stated price, it is incumbent upon plaintiffs, in an action
to recover such commission, to prove that the person produced as
such owner of the property was willing to sell at such stated price
and also that such person was able to convey a merchantable title to
defendant.

**Trial — Directing a Verdict.**

2.   Whether or not such a contract as the one stated in the com-
plaint was in fact entered into was, under the evidence, a question
for the jury, and it was therefore error to direct a verdict in plain-
tiffs favor.

Appeal from District Court, Sargent County; *Allen*, J.

Action by Anderson & Jorgenson against H. C. Johnson.   Judg-
ment for plaintiffs and defendant appeals.

Reversed.

*Purcell & Divet*, for appellant.

In the absence of stipulations to the contrary, a contract to sell
land implies a marketable title.   McLaughlin v. Wheeler, 47 N. W.
816; Loan Co. v. Thompson, 5 So. 473; Roberts v. Kimmons, 3 So.
736; Greusel v. Dean, 67 N. W. 275; Garnhart v. Rentchler, 72 Ill.
535.

*O. S. Sem*, for respondents.

If the seller closed a sale to the broker's customer on any terms,
the broker's commission is earned.   Ward & Murray v. McQueen,
13 N. D. 153, 100 N. W. 253; Hubachek v. Hazzard et al., 86 N. W.
426; Mattes v. Engel et al., 89 N. W. 651; Huntemer v. Arent, 93 N.
W. 653.

On sufficient evidence to sustain the decision, it is not error to
direct a verdict.   McComb v. Bakerville, 106 N. W. 300.

FISK, J.   This litigation arose in justice's court and was appealed
to the district court, where it was tried anew and judgment render-

ed in plaintiff's favor pursuant to a verdict directed by the court, from which judgment and from an order overruling defendant's motion for judgment notwithstanding the verdict or for a new trial, defendant has appealed to this court.

The cause of action upon which plaintiffs rely for a recovery is stated in their complaint, in substance, as follows: . That at all the times hereinafter mentioned plaintiffs were real estate brokers, doing business at Milnor, N. D., under the firm name of Anderson & Jorgenson; that on or about May 1, 1902, the defendant agreed with plaintiffs that in the event plaintiffs were able to procure the sale of certain real property (describing it) to defendant on terms acceptable to him, and offering his price at $2,300, plaintiff's commission should be $100, to be paid to plaintiffs by defendant at such time as plaintiffs procured a seller able and willing to sell on such terms; that plaintiffs did procure the owner of said land, one Christ Staiger, who was willing, ready, and able to sell, and who, in fact, did sell the same to defendant on terms acceptable to him on or about May 10, 1902, and that thereby defendant became indebted to them in the said sum of $100, no part of which has been paid. The answer consists of a general denial. Under the issues thus framed it was incumbent on plaintiffs to show that they produced the owner of the property, and that he was willing, ready and able to sell and transfer to defendant a merchantable title thereto upon the terms stated, to wit, $2,300. Did plaintiff show this? The undisputed evidence is to the contrary. While plaintiffs were permitted to prove statements made by Staiger to them as to his willingness to sell the property for $2,300, which testimony was clearly incompetent as being merely hearsay, the undisputed evidence is that Staiger subsequently refused to sell for that sum, and that defendant finally entered into a contract with Staiger to buy and Staiger agreed to sell the property at the price, $2,325. Not only did plaintiffs fail to prove their cause of action in this respect, but they offered no testimony whatever to show that this man Staiger whom they produced was able to furnish title to the property, and, furthermore, the testimony offered by defendant for the purpose of proving the contrary was, on plaintiff's motion, excluded by the trial court.

It seems to have been the theory of plaintiff's counsel, and also of the trial judge, that all it was necessary for them to prove, in order to recover, was the existence of the contract as pleaded, and that they produced the person claiming to own the property and who,

in fact, entered into a contract with defendant to sell the same to him upon some terms acceptable to defendant. In other words, even though Staiger was unwilling and refused to sell at the price of $2,300, that, if defendant dealt with him on any other terms whatever, plaintiffs would still be entitled to their commission. If this be true, then it would follow that even if defendant, in order to purchase the property, was obliged to pay or agreed to pay Staiger $2,400, plaintiffs would be entitled to still claim their commission of $100. This is clearly erroneous. Plaintiffs must stand on their contract, and, in order to recover, they must show that Staiger sold the property to defendant, or at least was willing to do so, for $2,300. What Staiger may have previously stated to plaintiffs as to his willingness to sell upon such terms is wholly immaterial, as well as incompetent. The undisputed evidence is that he afterwards refused to do so. Was defendant precluded from thereafter making the best bargain he could, and by doing so would he become obligated to the plaintiffs to pay them the agreed commission which under the contract was to be paid only on condition that they were able to get him the property at $2,300? Clearly not.

Counsel for respondents, as well as the trial court, also seem to have labored under the false impression that the commission was earned when plaintiffs produced the owner who was willing, although unable, to sell to defendant. We think it was clearly erroneous to reject defendant's offered proof tending to show Staiger's inability to transfer title to defendant, as, under the allegations of the complaint, such commission was to be paid only upon condition that plaintiffs produced a person who was willing, ready, and able to furnish to defendant a title to the property upon the terms mentioned. Surely it cannot be successfully contended that, under a contract such as the one stated in the complaint, the commission would be earned by bringing to the defendant a person claiming to be the owner, but who, in fact, had no title, and who nevertheless is willing to enter into a contract agreeing to sell and transfer title. This is to our minds too plain for discussion.

What we have above stated is upon the theory that there was, in fact, a contract between the parties for the payment of a commission as alleged in the complaint. But we are convinced that under defendant's showing it was at least a question for the jury to say whether or not such a contract was ever made. As we construe defendant's testimony, he flatly denied the same. According to his

version of the transaction, as gathered from his entire testimony, the plaintiffs, instead of being in his employ, were acting for Staiger, and defendant made them an offer of $2,400 for the property, and through a secret understanding between them they were to communicate and did communicate such offer to Staiger on the basis of $2,300, and it was understood between them that, if the latter sum should be accepted by Staiger, plaintiffs were to pocket the $100 without informing Staiger thereof. It appears that plaintiffs were to receive some compensation from Staiger, but whether they in fact received any, and if so, how much, is not disclosed, nor is it material. If these are the facts, then plaintiffs owed Staiger the duty of exercising towards him the utmost fairness, and they were in duty bound to disclose to him the exact offer made by defendant. Failing to do so, any sum received by them from defendant would belong to Staiger; but, in any event, such facts are inconsistent with and go to disprove the cause of action stated in the complaint, and for this reason it was error to direct a verdict in plaintiffs' favor.

Appellant asks for judgment notwithstanding the verdict or for a new trial. We are agreed that the latter portion of his motion should have been granted, and for the error in denying it the judgment and order appealed from must be reversed and a new trial ordered, with costs to appellant. All concur.