F. C. Fulton and J. L. Fulton v. Edward Cretian.

Opinion filed July 8, 1908.

### Brokers — Commissions — Pleading.

1. Action by real estate brokers to recover commissions under an express contract for finding a purchaser for defendant's property. The complaint, in effect, alleges an express contract that plaintiffs should receive the excess over $20 per acre at which a sale should be effected by defendant to prospective purchasers introduced by them, but it fails to allege that they introduced a prospective purchaser who was willing to pay any sum in excess of $20 per acre, and it also fails to allege that defendant in fact sold or had any opportunity to sell said property for an amount in excess of such price. *Held,* that the complaint fails to state facts sufficient to constitute a cause of action.

### Same — Evidence.

2. Evidence examined, and *held* insufficient to establish that anything is due the plaintiffs for commissions under the contract, for the reasons that the proof is wholly lacking to show that plaintiffs introduced a purchaser to the defendant who was willing to purchase the property, or that defendant, in fact, sold or had an opportunity to sell for a price in excess of $20 per acre.

### Same.

3. For the same reasons, the conclusions of law of the trial court are wholly unwarranted by the findings of fact.

### New Trial — Verdict Against Evidence.

4. The complaint failing to allege and the proof failing to establish a cause of action in plaintiffs' favor, the judgment in their favor and the order denying defendant's motion for a new trial are erroneous.

Appeal from District Court, Bottineau County; *Burke, J.*

Action by F. C. Fulton and J. L. Fulton against Edward Cretian. Judgment for plaintiffs, and defendant appeals.

Reversed and remanded.

*Noble, Blood & Adamson (Ball, Watson, Young & Hardy,* of counsel), for appellant.

*A. G. Burr (Le Sueur, Bradford & Hurley,* of counsel), for respondents.

Fisk, J. Plaintiffs, who were real estate brokers, recovered judgment in the lower court for certain commissions alleged to be

due them under an express contract with defendant for finding a purchaser for his property. The appeal is from the judgment and also from an order denying defendant's motion for a new trial. Numerous assignments of error are set forth in appellant's brief, but they relate principally to the sufficiency of the complaint, the proof, and the findings of fact of the trial court, and may be considered together.

That the judgment and order appealed from are erroneous and must be reversed is too clear for serious debate. The complaint wholly fails to allege, and the proof wholly fails to establish, any cause of action, and the findings of fact do not warrant the conclusions of law. Our reasons for the above assertions will be briefly stated. Plaintiffs' cause of action as set forth in their amended complaint is in substance as follows: (1) That at all times mentioned plaintiffs were engaged in the business of selling real estate. (2) That on or about September 25, 1902, defendant listed with plaintiffs for sale 720 acres of land in Bottineau county, under an agreement that plaintiffs should advertise the same for sale and introduce prospective purchasers to defendant, the latter to quote and maintain the price at $21.50 per acre as to all such prospective purchasers thus introduced by plaintiffs, and that, if plaintiffs secured a purchaser for said land, defendant would pay them the sum of $1,080. (3) That, pursuant to such agreement, plaintiffs advertised said land for sale, and on or about October 11, 1902, secured a prospective purchaser in the person of one McNett, whom they introduced as such to defendant. (4) That under such agreement plaintiffs were to receive for their services all sums over $20 per acre. (5) That a sale was made to McNett at a less sum than $21.50 per acre (but without stating any price), and that such sale was made without notice to plaintiffs and with intent to defraud them out of any compensation, to their damage in the sum of $1,080. At the trial plaintiffs asked for, and were granted, leave to amend paragraph 4 of the complaint, so as to read: "That the defendant has made a sale of the aforesaid land through the aforesaid W. E. McNett to one whom the plaintiffs are informed and believe is named Johnson, and has refused and still refuses to pay the plaintiffs." Conceding that such amendment was thereafter made, of which there is no proof, and also conceding that the same was intended to and did amend paragraph 5 of the amended complaint, instead of paragraph 4 of the original complaint, as no doubt was the inten-

tion, in no manner aids respondents. The amended complaint comes far short of stating a cause of action. Its defect consists in its total failure to allege facts showing that anything ever became due the plaintiffs under the terms of the agreement. It is nowhere alleged that plaintiffs ever secured or introduced any one willing to purchase the property at any sum in excess of $20 per acre, nor is it anywhere alleged that defendant sold or was ever able to sell at any price in excess of such sum. Surely no cause of action can be alleged without an allegation that plaintiffs procured such prospective purchaser, for such is the express agreement between the parties. The contention of respondents' counsel that the complaint alleges two causes of action, one of which is based upon the theory of a contract that plaintiffs should receive a flat commission of $1,080 in the event they furnished a purchaser upon terms acceptable to defendant, cannot be sustained. The complaint is not susceptible of such construction. If it was, there might be some merit to his contention, and the authorities cited by him might be in point. But, as we construe the complaint as a whole, it sets forth in effect merely an agreement that, if plaintiffs should secure or introduce a person willing to purchase at the price of $21.50 per acre, then they should be entitled to receive $1,080 or, in other words, the excess over $20 per acre. The latter portion of the second paragraph of the amended complaint must be construed together with paragraph 4, and, when thus construed, the intention of the pleader is apparent. The whole tenor of the complaint clearly discloses that the commission to be received by plaintiffs was not a fixed sum, but merely the excess of the selling price over $20 per acre. Failing, therefore, to allege that plaintiffs secured a purchaser willing to purchase at a price in excess of $20 per acre, or even that defendant, in fact, effected a sale or had an opportunity to effect a sale at a price in excess of such sum, the amended complaint does not state a cause of action. The allegation of an intent to defraud is of no force, in the absence of an allegation that plaintiffs introduced a purchaser willing to purchase at a price in excess of $20 per acre.

Coming to the evidence, we find our construction of the complaint relative to the terms of the contract fully corroborated by the plaintiff's own testimony, and nowhere is it contended that plaintiffs produced a purchaser willing to purchase, or that defendant, in fact, sold the property or that he had any opportunity to sell it

for a price in excess of $20 per acre. The undisputed testimony discloses, and the trial court found, that, by the terms of the agreement, plaintiffs were to receive only such sum as the property sold for in excess of $20 per acre, and that it was, in fact, sold through McNett to one Johnson for only $14,000 or $19.44 per acre; yet in the light of these facts a judgment was ordered in plaintiff's favor for the sum of $1,080 and interest. The trial court no doubt labored under the mistaken theory that because defendant did not adhere to the price of $21.50 per acre as he promised to do, but sold for a less price, the plaintiffs were damaged in the sum of $1.50 per acre. If plaintiffs had been able to produce and, in fact, had produced, a purchaser at such figure, and the defendant had, notwithstanding such fact, sold at $20 or less per acre, a different question would be presented. No such proof was offered. How, then, were plaintiffs damaged in the sum of $1,080 or in any other amount? Respondent's counsel in effect concedes that the judgment cannot be sustained except upon his theory of the contract, as his whole argument is based upon such theory. But, as we have above stated, the complaint does not allege, nor the proof show, that plaintiffs were to receive any commission except in the event a purchaser should be found by them who would be willing to purchase at a price in excess of $20 per acre. The principles of law involved in this case are elementary, but we cite the following authorities in support of our views as above expressed; Ames v. Lamont, 107 Wis. 531, 83 N. W. 780; McArthur v. Slauson, 53 Wis. 41, 9 N. W. 784; Ball v. Dolan, 18 S. D. 558, 101 N. W. 719; Anderson & Jorgenson v. Johnson, 16 N. D. 174, 112 N. W. 139; Milligan v. Owens, 123 Iowa, 285, 98 N. W. 792.

It follows as a necessary conclusion from what we have above held that the judgment and order appealed from must be reversed, and the cause remanded for further proceedings according to law, and it is so ordered. All concur.