W. M. MONTGOMERY, *Appellee,* v. WILLIAM H. SLATER et al., *Appellants.*

No. 17,802.

SYLLABUS BY THE COURT.

PRINCIPAL AND AGENT—*Contract to Sell Real Estate—Commission.* A contract was entered into between a landowner and an agent, authorizing the latter to sell a tract of land consisting of 428 acres "in tracts of one acre up." The agent procured a purchaser for the entire tract at $65 an acre, and upon the refusal of the landowner to complete the sale, sued for his commission. *Held,* that the contract was not complied with, and that it was error for the court to submit to the jury the question of fact whether or not the sale negotiated was a sale in acre tracts in compliance with the contract.

Appeal from Wyandotte court of common pleas. Opinion filed October 12, 1912. Reversed.

*C. Angevine, J. K. Cubbison,* and *William G. Holt,* all of Kansas City, and *Halbert H. McCluer,* of Kansas City, Mo., for the appellants.

*James F. Getty,* of Kansas City, for the appellee.

Montgomery v. Slater.

The opinion of the court was delivered by

PORTER, J.: The appellee sued to recover a commission for the sale of a tract of land owned by appellants. The jury returned a verdict against appellants for $4475.44. The only question involved in the appeal is whether the appellee had the right under his contract with appellants to sell the land in bulk. The written contract which authorized appellee to procure a purchaser, after reciting that the appellants had become the owners of a tract of land consisting of 428 acres, contained provisions as follows:

"Parties of the first part wish and desire to sell the above described tract of land do make and enter into the following terms and agreement, to-wit:

"Parties of the first part give party of the second part the exclusive privilege of sale of said described tract of land. Land to be sold in tracts of one acre up, for cash, or on time. Party of the second part must obtain as large a cash payment and as large installments as is possible. Party of the second part to pay all costs and expense of handling and selling said land, with the following exception:

"Parties of the first part are to furnish clear titles and abstracts to date on each tract as sold.

"Party of the second part is to receive one-half the amount received over and above the purchase price of forty-five dollars ($45.00) per acre. All cash to be divided as received equally between parties of the first part and party of the second part until party of the second part has received one-half the amount received over and above purchase price of forty-five ($45) per acre.

"Party of the second part agrees to pay to parties of the first part seventy dollars ($70) per acre for all unsold land in above described tract, at the option of the parties of the first part."

The answer alleged that it was specifically understood and agreed between the parties that the land was to be sold in acre tracts and was not to be sold in bulk. From evidence offered by appellants and admissions

54—87 KAN.

made by the appellee at the trial it appeared that immediately after the contract was executed the appellee caused the land to be surveyed and platted, a considerable portion of it into ten- and twenty-acre tracts, and advertised for sale in that way. At his request appellants furnished him fifty abstracts of title. Aside from the evidence showing the construction placed upon the contract by the parties, the terms of the instrument are plain and clearly stipulate for a sale in tracts and not in bulk. The appellee was not successful in so disposing of the land and made a contract with one Werner for a sale of the entire tract at $65 per acre, and upon the refusal of appellants to complete the sale brought this action. The written contract which appellee made with Werner recited that the appellee "has bargained and sold to the buyer the following real estate situated in the county of Wyandotte, state of Kansas, to wit:

"Southwest ($\frac{1}{4}$) of Section (16), Northwest $\frac{1}{4}$ of Section (21) and One hundred eight (108) in the (S. E.) Southeast One-fourth ($\frac{1}{4}$) of Section Seventeen (17), T. (11) R. (23) containing four hundred, twenty-eight acres (428) therein, at sixty-five dollars per acre, at and for the price and total sum of twenty-seven thousand eight hundred twenty dollars, to be paid as follows: Four thousand ($4000) dollars at the delivery of deed and the balance whereof is payable in the following manner, to-wit: five thousand dollars ($5000) in six months from delivery of deed at 6% interest from date; balance to be paid in five years (5) at 6% interest, payable annually and one hundred dollars or any multiple thereof can be paid on or before maturity—same to be secured by mortgage covering the amount due."

There was also a provision that the seller should furnish the buyer an abstract of title.

If there could be said to be a doubt as to the way the land was to be sold, the intention of the parties was made clear by the interpretation which they placed upon the contract before the litigation arose. Where

a doubt arises as to the intention, weight is always to be given to the practical construction placed upon the instrument by the parties. (*Ehrsam v. Jackman,* 73 Kan. 435, 85 Pac. 559.) Evidence showing the conditions and circumstances confronting the parties at the time the contract was made also was competent to enable the court to determine the intention, if the meaning was at all doubtful. (*Simpson v. Kimberlin,* 12 Kan. 579, 584; *Carr v. Catlin,* 13 Kan. 393; *Mason v. Ryus,* 26 Kan. 464; *Fire Association v. Taylor,* 76 Kan. 392, 397, 91 Pac. 1070; *Casualty Co. v. Colvin,* 77 Kan. 561, 566, 95 Pac. 565; *Brown v. Shields,* 78 Kan. 305, 96 Pac. 351.)

The trial court properly construed the contract entered into between the appellants and the appellee to provide for a sale in acre tracts and not in bulk and so instructed the jury, but the court submitted to the jury the question of fact whether or not the sale was made in acre tracts or in bulk. The jury in answer to special questions found that the sale was not made in bulk but upon the basis of acre tracts and that the price of sixty-five dollars an acre was "the aggregate of the various values of the different acre tracts."

Werner, to whom the appellee claimed to have sold the land, was called as a witness and testified that his offer of $65 an acre was made on the basis of the values of the various tracts added together. On cross-examination he testified that he bought it all for so much money; and he was not able to recall the price at which he had figured any particular tract.

In our opinion there was no evidence to warrant the submission of such a question of fact to the jury and the court should have sustained a demurrer to the evidence or have directed a verdict for the appellants. Both contracts are clear and unambiguous. The first authorized a sale of the land in acre tracts. The contract which the appellee made was for a sale of the land in gross at an aggregate price obviously arrived at by

valuing the land at sixty-five dollars an acre. There was no question of fact for a jury to pass upon. The sale negotiated by the appellee was beyond controversy a sale in bulk of the entire acreage. The considerations and conditions which may have induced the offer for the entire tract at so much per acre could not make the transaction a sale of the platted portions separately. The court erred in submitting the case to the jury.

The judgment is reversed and the cause remanded with directions to enter judgment for appellants for costs.