# M. O. GRANGAARD v. JOHN BETZINA.

### (156 N. W. 1035.)

**Real estate broker — land listed with, for sale — specific price — compensation — dependent thereon — contract — performance — purchaser.**

A broker employed to sell land for a specific price, and who has agreed with his principal that he shall receive a dollar an acre commission provided that he sells at such price, does not perform his engagement so as to be entitled to recover such commission in a suit upon such contract, by producing a purchaser who is not willing to pay the price named, and even though the owner thereafter sells the land to such purchaser at a lower price, and where there is no proof that the owner did not act in good faith or that he prevented the broker from performing his contract.

Opinion filed February 14, 1916.

Note.—That a broker can recover his commission under a special contract with his principal only upon complying with the terms of such contract is in accord with the general doctrine as can be seen by an examination of subdiv. VI., p. 611, in an exhaustive note in 44 L.R.A. 593, on performance by a real estate broker of his contract to find a purchaser or effect an exchange of his principal's property.

The effect upon the right to commissions of the fact that the owner sold the property to a broker's customer at a reduced price is discussed in notes in 15 L.R.A. (N.S.) 272; 34 L.R.A.(N.S.) 1050.

Generally, on when a broker becomes entitled to or has earned his commissions, see notes in 28 Am. St. Rep. 546 and 139 Am. St. Rep. 225.

Appeal from the district court of Barnes County, *Coffey*, J. Action to recover commission on a sale of real estate. Judgment for plaintiff. Defendant appeals.

Reversed.

*Lee Combs* and *L. S. B. Ritchie*, for appellant.

A broker is not entitled to compensation until he has performed the contract according to its specific terms, where there is no waiver, or ratification of other acts. A real estate broker who is to secure a buyer on specific terms, price and compensation, is not entitled to any compensation until such buyer is produced. 19 Cyc. 240; Anderson v. Johnson, 16 N. D. 174, 112 N. W. 139; Larson v. Newman, 19 N. D. 153, 23 L.R.A.(N.S.) 849, 121 N. W. 202; Park v. Hogle, 124 Iowa, 98, 99 N. W. 185; Stoutenburgh v. Evans, 142 Iowa, 239, 120 N. W. 59, 19 Ann. Cas. 1048; Marble v. Bang, 54 Minn. 277, 55 N. W. 1131; Bolton v. Coburn, 78 Neb. 731, 111 N. W. 780; McArthur v. Slauson, 53 Wis. 41, 9 N. W. 784.

Producing a purchaser who will not pay the price named, but who thereafter deals direct with the landowner and buys at a lower price, does not entitle the broker to compensation. Terry v. Bartlett, 153 Wis. 208, 140 N. W. 1133, and cases cited; Carey v. Johnson, 122 C. C. A. 78, 203 Fed. 682; Montgomery v. Slater, 87 Kan. 848, 126 Pac. 1085; Good v. Erker, 170 Mo. App. 681, 153 S. W. 556; Stevenson v. Bannan, 235 Pa. 512, 84 Atl. 447; Gage v. Billing, 12 Cal. App. 668, 108 Pac. 664.

A variance between the complaint in an action by a broker for commissions, which alleges that the owner agreed to sell his land and to pay the broker a specified sum for procuring a purchaser willing to pay a specified sum per acre, and the proof which shows that the owner exchanged his land for other land, is fatal. Steere & Ballah v. Gingery, 21 S. D. 183, 110 N. W. 744; Chaffee v. Widman, 48 Colo. 34, 139 Am. St. Rep. 220, 108 Pac. 995; Comp. Laws 1913, § 7440, subdiv. 2; Forsell v. Pittsburgh & M. Copper Co. 38 Mont. 403, 100 Pac. 219; Hayes v. Fine, 91 Cal. 391, 27 Pac. 772; Spellman v. Rhode, 33 Mont. 21, 81 Pac. 395.

*Winterer & Ritchie*, for respondent.

The rule is that where a broker departs from the terms of his original authority, the owner's adoption of his negotiations and the completion of the transaction operate as a ratification of the broker's acts, and entitle the broker to his compensation. Siler v. Perkins, 126 Tenn. 380, 47 L.R.A.(N.S.)232, 149 S. W. 1060.

Where the broker is given exclusive authority to sell the property within a given stated time, a sale by the owner within such time will not destroy the broker's right to compensation. Geiger v. Kiser, 47 Colo. 297, 107 Pac. 267.

Where the terms and conditions of the actual sale are somewhat different from those mentioned in the contract, yet if adopted by the owner and he acts upon them, he ratifies the same, and cannot be heard to dispute the right of the broker to his compensation. Lawson v. Black Diamond Coal Min. Co. 53 Wash. 614, 102 Pac. 759; Wright v. McClintock, 136 Ill. App. 438; Hessling v. Frey, 182 Ill. App. 547; Friedenwald v. Welch, 174 Mich. 399, 140 N. W. 564; McCormick v. Obanion, 168 Mo. App. 606, 153 S. W. 267; Parks v. Sullivan, — Tex. Civ. App. —, 152 S. W. 704; Merritt v. American Catering Co. 71 Wash. 425, 128 Pac. 1074; Evans v. Shinn, 40 App. D. C. 557; Rasar v. Spurling, 176 Ill. App. 349; Slotboom v. Simpson Lumber Co. 67 Or. 516, 135 Pac. 889, 136 Pac. 641, Ann. Cas. 1915C, 339; Webb v. Harding, — Tex. Civ. App. —, 159 S. W. 1029; Shober v. Blackford, 46 Mont. 194, 127 Pac. 329; Smith v. Sears, 160 Ill. App. 240; Peters v. Holmes, 45 Pa. Super. Ct. 278; Prindle v. Allen, 164 Mich. 553, 129 N. W. 695; Lord v. United States Transp. Co. 143 App. Div. 437, 128 N. Y. Supp. 451; Peterson v. St. Francis Hotel Co. 61 Wash. 378, 112 Pac. 347; 19 Cyc. 249, and cases there cited; Walker, Real Estate Agency, arts. 450, 502, 532.

If a broker brings the parties together and as a result they conclude a sale or contract, he is not deprived of his right to commission by the fact that the contract so concluded differs in terms from the one which he was authorized to make. 19 Cyc. 249; Hubachek v. Hazzard, 83 Minn. 437, 86 N. W. 426; Armstrong v. Wann, 29 Minn. 126, 12 N. W. 345.

The test of a complaint is whether or not it is sufficient to fully apprise the defendant of the plaintiff's claim; there is no variance be-

tween the pleading and the proof; even where there is a variance, it must be material, and it must appear that defendant was misled to his prejudice in preparing and maintaining his defense. Comp. Laws 1913, §§ 7478, 7480; Maloney v. Geiser Mfg. Co. 17 N. D. 195, 115 N. W. 669; Halloran v. Holmes, 13 N. D. 411, 101 N. W. 310.

Bruce, J. We are of the opinion that the trial court erred in not directing a verdict for the defendant. There was a complete variance between the proof and the complaint. In his complaint the plaintiff pleads a contract of employment for finding a purchaser for the appellant's land, and that he was to have a dollar an acre for finding such purchaser, without regard to the price to be paid by such purchaser for the property. In his evidence he declares that he was to find a purchaser and to cause the sale of the land to him at $50 per acre, out of which purchase price the respondent was to receive $1 per acre. The plaintiff himself testified: "He wanted $50 per acre for the land. Out of this he agreed to pay $1 per acre for commission." In such a case the most liberal rule that the plaintiff can ask is that the evidence shall establish the issues. On these issues the proof is positive and uncontradicted that the plaintiff did not furnish a purchaser who at any time was ready and willing to pay $50 an acre for the land. The purchaser (Vandrovac) testified: "He (Grangaard) said I could have the land for $50 per acre. Mr. Grangaard said I could not have it for less than $50 per acre. I said I would not pay that." The testimony is also positive that the land was sold by the defendant to Vandrovac for about $48 per acre after Vandrovac had positively refused to pay any more.

It is not necessary for us to consider the decisions in other states upon the question which is presented to us, as, it is quite clear that under the law as settled in this jurisdiction and under the evidence introduced in this case the plaintiff cannot recover upon the contract which is sued upon. It is well settled, indeed, in North Dakota, that when a man agrees to pay a commission in consideration of the receipt of a certain price, he means what he says, and nothing more, and the fact that one has agreed to pay $1 per acre if the broker sells his land for $50 an acre does not make him liable for such commission, and

under such contract if he afterwards sells the land for $48 an acre, and even to a person presented by the broker, provided that the person has positively refused to purchase at $50 and the seller has in no way prevented the broker from perfecting the sale of such land at the said sum.

The first of the cases which hold to this rule is that of Anderson v. Johnson, 16 N. D. 174, 112 N. W. 139. In that case the situation of the parties was reversed, but the same principle applied. In it the defendant agreed to pay the plaintiffs a commission of $100 if they obtained the sale to him of certain real estate at a stated price, and this court held that it was incumbent upon the plaintiffs in an action to recover such commission to prove that the person produced as the owner of such property was willing to sell at such stated price. "Plaintiffs," this court said, "must stand on their contract, and in order to recover they must show that Staiger sold the property to defendant, or at least was willing to do so, for $2,300. What Staiger may have previously stated to plaintiffs as to his willingness to sell upon such terms is wholly immaterial as well as incompetent. . . . Was defendant precluded from thereafter making the best bargain he could and by doing so would he become obligated to the plaintiffs to pay them the agreed commission, which, under the contract, was to be paid only on condition that they were able to get him the property at $2,300? Clearly not." This case was cited with approval and followed in Fulton v. Cretian, 17 N. D. 335, 117 N. W. 344. It is in accordance with quite a. long line of authorities and with the general rule which is expressed in Terry v. Bartlett, 153 Wis. 208, 140 N. W. 1133, and to the effect that a broker employed to sell land for a specific price does not perform his engagement so as to be entitled to commissions by producing a purchaser who is not willing to pay the price named, and even though the owner thereafter sells it to him at a lower price, except where the owner does not act in good faith or prevents the broker from performing his contract. Good v. Erker, 170 Mo. App. 681, 153 S. W. 556; Gage v. Billing, 12 Cal. App. 688, 108 Pac. 664; Montgomery v. Slater, 87 Kan. 848, 126 Pac. 1085; Steere & Ballah v. Gingery, 21 S. D. 183, 110 N. W. 774; Paulson v. Reeds, ante, 141, 156 N. W. 1031.

In the case at bar there is no proof of bad faith on the part of the defendant. The evidence, on the other hand, is positive and uncontra-

dicted that the purchaser absolutely refused to buy at the price of $50 per acre, and it is perfectly clear that the defendant could have gained nothing by upsetting any supposed agreement for $50 an acre. All he received was $48 an acre. If the purchaser could have been induced to pay $50, and even though the defendant would have had to pay.the $1 an acre commission, he would have made a dollar an acre or $240 more than by the transaction he actually consummated.

The judgment is reversed and the cause remanded, with directions to enter judgment for the defendant, dismissing the action, and for the costs thereof.