John E. PEHRSON, d/b/a Pehrson Real Estate Service, Plaintiff and Appellant,

v.

Bernice SCHAFFER, Defendant and Respondent.

Civ. No. 8762.

Supreme Court of North Dakota.

March 28, 1972.

This appeal was taken after July 1, 1971, which was after the effective date of Chapter 311 of the Session Laws of 1971, which repealed Section 28–27–32, N.D.C.C., providing for trials de novo on appeals to this court. Although trial de novo was demanded in the notice of appeal, the demand was not settled as a part of the statement of the case. In addition, Pehrson, as appellant, has served and filed specifications of error with his notice of appeal, as indicated above.

It is the contention of Pehrson, in taking this appeal, that the court erred in holding that he was not entitled to recover from the defendant on the basis of his broker's contract and, secondly, that the court erred in holding that he, Pehrson, was not the procuring cause of the sale of defendant's farm.

We have reviewed the entire record, including the evidence adduced at the trial and the findings of fact and conclusions of law made by the trial judge, and find that there is substantial evidence to support the trial court's findings.

The trial court found that Pehrson was a licensed real estate broker who, on December 1, 1967, entered into a brokerage contract with the defendant Mrs. Schaffer whereby she listed her 960-acre Logan County farm with the plaintiff for sale at a price of $68,000, or for any other price, or trade, or terms acceptable to the owner. She agreed to pay a commission of five per cent of the amount of the sale price. The contract granted Pehrson, for a period of twelve months from December 1, 1967, the exclusive power and authority to sell the farm, which power would continue thereafter until the agreement was revoked by ten days' notice in writing. After the expiration of one year but before the written notice of termination, Pehrson submitted a written offer, dated January 18, 1969, from Raymond Erbele to purchase the farm for $50,000 on the terms described therein. Pehrson submitted the Erbele offer to Mrs. Schaffer but the offer was not accepted.

Ottmar & Nething, Jamestown, for plaintiff and appellant.

William C. Kelsch, Mandan, for defendant and respondent.

TEIGEN, Judge.

The plaintiff (hereinafter Pehrson) has appealed from the judgment of the trial court denying recovery on his claim for a broker's commission as the result of a sale of 960 acres of farm land owned by the defendant (hereinafter Mrs. Schaffer).

The case was tried to the court without a jury. Pehrson has specified errors of law and insufficiency of the evidence to support the court's decision and judgment in the defendant's favor.

The court found that Pehrson obtained no offer for more than $50,000 prior to the termination of the contract. On February 26, 1969, Pehrson was given written notice that his broker's contract was terminated and was also advised that Mrs. Schaffer had decided to list the farm for sale with Fristad Realty of Mandan, North Dakota, at a price of $65,000, which listing Mrs. Schaffer had actually entered into on February 19, 1969.

The court found that the said Raymond Erbele, being the same person who offered to purchase the said farm through Pehrson for $50,000, saw an advertisement published by Fristad which advertised said farm for sale and that he, Erbele, thereupon wrote to Mrs. Schaffer's attorney, repeating his offer made to Pehrson to purchase the farm for $50,000. Thereupon Fristad contacted Erbele and offered the farm for $65,000. Erbele and Fristad negotiated on the sale price and terms and Erbele finally offered $60,000 and terms which, on April 8, 1969, were accepted by Mrs. Schaffer. Subsequent thereto, a contract for deed was negotiated on October 15, 1969, whereby Mrs. Schaffer contracted to sell the farm to Erbele in accordance with the terms negotiated by Fristad.

The trial court found that the sale to Erbele, as negotiated by Fristad, differed from the offer from Erbele obtained by Pehrson in several material respects, to wit:

"The Fristad offer called for $10,000 additional purchase price; $2,000 additional down payment; 6 per cent interest instead of 6½ per cent; fifteen year payout instead of ten years; defendant to receive one-half cash farm rent for 1969, and buyer to pay one-half 1969 real estate taxes; defendant to retain 50% of oil, gas and other minerals owned by her."

The trial court also found that Mrs. Schaffer paid Fristad a realty commission, as agreed, of five per cent, or $3,000.

On the basis of these findings of fact, the trial court concluded:

1. That Pehrson's brokerage employment contract was terminated prior to the sale;

2. That Pehrson was not the procuring cause of the sale of Schaffer's farm; and

3. That all actions of the defendant Mrs. Schaffer in terminating the plaintiff's brokerage contract and engaging another realtor, who sold the farm for an increased price to a prospect originally introduced by Pehrson, were done openly, without connivance, and in good faith and with no motive of intent to deprive Pehrson of a commission.

On the basis of these conclusions of law, the trial court ordered judgment in favor of the defendant Mrs. Schaffer.

Pehrson argues that the trial court erred, as a matter of law, in concluding that he was not a procuring cause of the sale and that Mrs. Schaffer was not guilty of bad faith in terminating Pehrson's agency relationship.

In reviewing the evidence most favorable to the decision of the trial court, we find it establishes that Pehrson obtained from Erbele a purchase agreement on January 18, 1969, but because of bad weather he was unable to take this agreement to Mrs. Schaffer, who resides at Cleveland, North Dakota, until about February 18, 1969. At that time he spent about two and one-half hours with Mrs. Schaffer in her home in an effort to convince her that she should accept the Erbele offer, and during which time he told her that he thought $50,000 was all that he could get for the land. The evidence establishes that the Erbele offer was not acceptable to Mrs. Schaffer. Thereafter, on February 26, 1969, by a letter from her attorney to Pehrson, she terminated the brokerage agreement. Termination of the agreement was admitted by Pehrson in his testimony before the court. He testified that, at the time of the termination, he was of the opinion he could not get Erbele to increase his offering price.

The record supports the findings of the trial court, made in its oral memorandum decision, that there is no evidence to establish that there was connivance on the part of Mrs. Schaffer, with others, to avoid paying a realtor's commission to Pehrson. The evidence supports a finding that the termination of the Pehrson brokerage contract and the entry into a new brokerage contract with Fristad, although preceding the termination, were done in good faith. The record also supports the finding of the trial court that Pehrson did not secure a purchaser who would pay a price acceptable to Mrs. Schaffer on terms agreeable to her and that, although the original prospective buyer became the buyer, the second realtor negotiated a completely new deal and the only thing that remained the same was the description of the land.

We find that the holding of the trial court in this case is in conformity with established law in this state. It is an established principle of law that a real estate broker employed to sell real property, in order to earn a commission, must produce a prospective purchaser ready, willing and able to purchase on the terms set forth in the agreement or, if the agreement leaves terms open for other terms acceptable to the land owner (as provided in Pehrson's listing agreement), then on terms acceptable to the land owner. Schneider v. Martin, 136 N.W.2d 153 (N.D. 1965). Inasmuch as the trial court properly found that Pehrson's listing agreement had been terminated in accordance with the terms of the agreement prior to the sale by the second broker at a higher price, denial of his claim for commission was proper and in conformity with the law as applied in Froling v. Odegard, 66 N.W.2d 900; 46 A.L.R.2d 860 (N.D.1954); Glaserud v. Hoff, 75 N.D. 311, 27 N.W.2d 305 (1947); Grangaard v. Betzina, 33 N.D. 267, 156 N.W. 1035 (1916).

It is our view that the evidence sustains the findings, and that the findings of the trial court sustain its conclusions of law. For these reasons, the judgment is affirmed.

STRUTZ, C. J., and ERICKSTAD, PAULSON and KNUDSON, JJ., concur.